IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 98-2862-TU (G) V |
| | ) ) ) | |
| FCR TENNESSEE, INC. | ) ) | |
| Defendant. | ) | |

## CONSENT DECREE

The Equal Employment Opportunity Commission (hereinafter referred to as the ("EEOC") initiated the above-referenced Cause on September 30, 1998, against FCR Tennessee, Inc. (the "Defendant") to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., and the Civil Rights Act of 1991, 42 U.S.C. §1981a. Plaintiff-Intervenors, Valerie Jacobs and Latashia Washington filed a complaint in intervention. The EEOC and Valerie Jacobs and Latashia Washington alleged that the Defendant engaged in unlawful employment practices by subjecting female employees to pervasive quid pro quo sexual harassment and a sexually hostile work environment. Ms. Jacobs



This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 4-21-00

and Ms. Washington have previously resolved their claims against Defendant.

This Consent Decree does not constitute an admission by the Defendant of the allegations of the Complaint. The Defendant denies that it engaged in the unlawful employment practices alleged by the EEOC. However, all parties to this action desire to avoid the additional expense and delay in this litigation of this case.

In the event this proposed Consent Decree is not approved or does not become final, then it shall not be admissible in evidence in any subsequent proceeding in this action.

The Court has reviewed the terms of the proposed Consent Decree in light of the applicable laws and regulations, the statements and representations of counsel for all parties, and hereby approves the Consent Decree.

**NOW, THEREFORE**, the Court being fully advised in the premises, it is hereby **ORDERED, ADJUDGED AND DECREED**:

### I. JURISDICTION

The United States District Court for the Western District of Tennessee, Western Division, has jurisdiction over the parties and subject matter of this litigation.

## II.  SCOPE AND DURATION OF DECREE

A.  This Consent Decree resolves all issues and claims arising out of Plaintiff's Complaint in this cause, alleging unlawful employment policies and practices maintained by the Defendant and arising out of Charge No. 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 filed by Valerie Jacobs with the EEOC. Notwithstanding any provisions contained in this Decree, this agreement shall not be considered in any manner to be dispositive of any charge now pending before any office of the EEOC other than Charge No. 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.

B.  The provisions of this Consent Decree shall continue to be effective and binding upon the parties to this action for a period of two years from the date of the entry of this decree except for Section VI.C. (neutral reference) which will be in effect permanently.

## III.  NON-DISCRIMINATION PROVISION

A.  Defendant, its officers, agents, employees, and all persons acting in concert with the Defendant are hereby enjoined from engaging in any employment practice which has the purpose or effect of discriminating against any employee because of their sex. Defendant is enjoined from permitting its employees to be subjected to a sexually hostile work environment.

B.  Defendant, its officers, agents, employees, and all persons acting in concert with the Defendant are hereby enjoined from retaliating against any employee for opposing

3

discriminatory employment practices made unlawful under Title VII of the Civil Rights Act of 1964, as amended.

C. Defendant agrees to train its supervisors and managers in its Memphis facility in the requirements of Title VII of the Civil Rights Act of 1964, as amended, regarding the prevention of sexual harassment and retaliation. This training session will be conducted within ninety (90) days of the entry of this decree. A list of the supervisors and managers that attend the training session, a copy of the syllabus, and a copy of the training materials will be provided to Plaintiff within thirty (30) days of the training session.

D. Defendant will provide a copy of its sexual harassment policy to all of its employees at the Memphis facility within thirty (30) days of the entry of this decree.

E. Defendant agrees to conduct a training session on the prevention of sexual harassment and retaliation for all non-managerial employees at its Memphis facility. This training session will be conducted within ninety (90) days of the entry of this decree. A list of the employees that attend the training session, a copy of the syllabus, and a copy of the training materials will be provided to Plaintiff within thirty (30) days of the training session.

F. Defendant agrees to discipline Ahard Williams and Reginald Taylor by placing a written warning in their personnel

4

files. Defendant agrees to prohibit Mr. Taylor and Mr. Williams from directly supervising female employees.

### IV. NON-RETALIATION PROVISION

Defendant, its officers, agents, employees, and all persons acting in concert with Defendant shall not take any retaliatory measure, against any employee for opposing practices made unlawful under Title VII of the Civil Rights Act of 1964, as amended, or for making a charge or complaint to the EEOC, testifying, assisting or participating in any manner in any investigation, proceeding or hearing under Title VII of the Civil Rights Act of 1964, as amended.

### V. NOTICE

Defendant shall continue to conspicuously post at its facility in Memphis, Tennessee, the notice (poster) required to be posted pursuant to Title VII of the Civil Rights Act of 1964, as amended. Furthermore, Defendant shall conspicuously post the notice at Appendix A of this Decree at its Memphis facility for a one year period commencing within ten (10) days after entry of this Decree by the Court.

### VI. INDIVIDUAL RELIEF

A. Defendant shall expunge from any Class Member's personnel records any unfavorable or adverse personnel comments regarding any

5

aspect of her employment with Defendant.

B. Defendant agrees to pay a total of $50,000.00 to the class members as described below.

1. Defendant shall deliver to Class Member Barbara Avery, a cashier's check made payable to "Barbara Avery" in the amount of **$10,000.00** within ten (10) days after entry of this Decree by the Court. The check will be forwarded to the following address.

> Barbara Avery
> 1877 Castalia
> Memphis, TN 38114

2. Defendant shall deliver to Class Member Lashana Mitchell, a cashier's check made payable to "Lashana Mitchell" in the amount of **$10,000.00** within ten (10) days after entry of this Decree by the Court. The check will be forwarded to the following address.

> Lashana Mitchell
> 1508 Oaklawn
> Memphis, TN 38114

3. Defendant shall deliver to Class Member Daphne Boyce, a cashier's check made payable to "Daphne Boyce" in the amount of **$10,000.00** within ten (10) days after entry of this Decree by the Court. The check will be forwarded to the following address.

> Daphne Boyce
> 1307 South Lauderdale, Apt. 2
> Memphis, TN 38106

4. Defendant shall deliver to Class Member Wendy Clark, a cashier's check made payable to "Wendy Clark" in the amount of **$10,000.00** within ten (10) days after entry of this Decree by the

Court. The check will be forwarded to the following address.

> Wendy Clark
> 3754 Mandalay St.
> Memphis, TN 38111

5. Defendant shall deliver to Class Member Robin Cole, a cashier's check made payable to "Robin Cole" in the amount of $10,000.00 within ten (10) days after entry of this Decree by the Court. The check will be forwarded to the following address.

> Robin Cole
> 1360 Abernathy
> Memphis, TN 38116

C. Defendant agrees to provide a neutral reference to any potential employers of any Class Members who request a job reference. Any such neutral reference shall be identical to the form demonstrated in Appendix B. No mention of the the charge of discrimination or this action will be made as part of the neutral reference.

## VII. COSTS

Each of the parties shall bear their own costs, including attorneys' fees.

SO ORDERED THIS 20TH DAY OF April_____, 2000.

_Julia Smith Gibbons_
UNITED STATES DISTRICT JUDGE

7

| | |
|---|---|
| **FOR DEFENDANT:** | **FOR THE COMMISSION:** |
| | |
| *[signature]* | **C. GREGORY STEWART** |
| **HERBERT E. GERSON** | General Counsel |
| Ford & Harrison | |
| | **GWENDOLYN YOUNG REAMS** |
| *[signature]* | Associate General Counsel |
| **DELAINE R. SMITH** | |
| Ford & Harrison | *[signature]* |
| Suite 600 | **KATHARINE W. KORES** |
| 6750 Poplar Ave. | Regional Attorney |
| Memphis, TN 38138-7415 | |
| (901) 756-1550 | *[signature]* |
| | **TERRY BECK** |
| *[signature]* | Supervisory Trial Attorney |
| **FCR-TENNESSEE, INC.** | |
| | *[signature]* |
| | **DRAGA G. ANTHONY** |
| | Senior Trial Attorney |
| | EQUAL EMPLOYMENT OPPORTUNITY |
| | COMMISSION |
| | 1407 Union Avenue, Ste. 621 |
| | Memphis, TN 38104 |
| | (901) 544-0102 |
| | |
| | *[signature]* by DGA |
| | **WILLIAM A. CASH JR.** |
| | Senior Trial Attorney |
| | EQUAL EMPLOYMENT OPPORTUNITY |
| | COMMISSION |
| | 425 W. Capitol Ave., Ste. 625 |
| | Little Rock, AR 72201 |
| | (501) 324-5539 |

APPENDIX A

NOTICE

## NOTICE

1. FCR-Tennessee has agreed with the EEOC to post this notice for one year to reinforce the company's policies concerning the prevention of sexual harassment.

2. Federal law prohibits an employer from taking retaliatory action against any employee for opposing practices made unlawful under Title VII of the Civil Rights Act of 1964, as amended.

3. Federal law prohibits sexual harassment in the workplace.

4. FCR-Tennessee supports and will comply with such Federal law in all respects and will not take any action against employees because they have exercised their rights under the law by filing charges with the Equal Employment Opportunity Commission and/or testified, assisted or participated in any manner in any investigation, proceeding or hearing under Title VII of the Civil Rights Act of 1964, as amended.

_____

**FCR-TENNESSEE**

_____

**DATE**

APPENDIX B

NEUTRAL REFERENCE

Dear _____,


This letter is in response to your inquiry regarding the employment of **[CLASS MEMBER]** while employed at FCR-Tennessee.

**[CLASS MEMBER]** worked at FCR-Tennessee from _____ through _____. Company policy does not permit us to give out any more information concerning **[CLASS MEMBER'S]** employment.

I am sure **[CLASS MEMBER]** can provide you with the details concerning her tenure at FCR-Tennessee. I hope this information is helpful and that it satisfactorily answers your inquiry.

Very truly yours,



FCR-Tennessee.